UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

SHANTELL ALEXANDER                    CIVIL ACTION NO. 6:15-CV-00527

VERSUS                                MAGISTRATE JUDGE HANNA

EMPLOYERS MUTUAL CASUALTY             BY CONSENT OF THE PARTIES
COMPANY, FRANKLIN HOMES, INC.,
AND JAMES ALLEN THORNTON, JR.


## MEMORANDUM  RULING


Currently pending is defendant Employers Mutual Casualty Company's motion

for summary judgment.  (Rec. Doc. 40).  The motion is opposed, and oral argument

was held on March 23, 2017.  Considering the evidence, the law, and the arguments

of the parties, and for the reasons fully explained below, the motion is denied.

### BACKGROUND

The plaintiff alleged in her petition that she was injured in a motor vehicle

accident that occurred on July 17, 2014 at the intersection of Willow Street and the

Evangeline Throughway in Lafayette, Louisiana.  She further alleged that, as she was

traveling east on Willow, defendant James Allen Thornton, Jr., made an improper left

turn from the westbound lane of Willow, causing the accident.  The plaintiff alleged

that Thornton was in the course and scope of his employment with defendant Franklin

Homes, Inc., at the time of the accident and that Franklin is insured by defendant

Employers Mutual Casualty Company.  After the accident, Thornton died, and Franklin sought bankruptcy protection.  Therefore, Employers Mutual is the only remaining defendant.[1]  In the pending motion, Employers Mutual seeks to be absolved of liability for causing the accident.

## ANALYSIS

### A.   THE SUMMARY JUDGMENT STANDARD

Under Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment is appropriate when there is no genuine dispute as to any material fact, and the moving party is entitled to judgment as a matter of law.  A fact is material if proof of its existence or nonexistence might affect the outcome of the lawsuit under the applicable governing law.[2]  A genuine issue of material fact exists if a reasonable jury could render a verdict for the nonmoving party.[3]

The party seeking summary judgment has the initial responsibility of informing the court of the basis for its motion and identifying those parts of the record that

---

[1]     See Rec. Doc. 37, a joint stipulation of evidentiary facts establishing that the plaintiff will only look to Employers Mutual for satisfaction of the judgment should one be rendered in her favor.

[2]     *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Sossamon v. Lone Star State of Tex.*, 560 F.3d 316, 326 (5th Cir. 2009); *Hamilton v. Segue Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000).

[3]     *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 252); *Hamilton v. Segue Software, Inc.*, 232 F.3d at 477.

-2-

demonstrate the absence of genuine issues of material fact.[4]  If the moving party carries its initial burden, the burden shifts to the nonmoving party to demonstrate the existence of a genuine issue of a material fact.[5]  All facts and inferences are construed in the light most favorable to the nonmoving party.[6]

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by pointing out that there is insufficient proof concerning an essential element of the nonmoving party's claim.[7]  The motion should be granted if the nonmoving party cannot produce evidence to support an essential element of its claim.[8]

In this case, subject-matter jurisdiction is based on diversity of citizenship, under 28 U.S.C. § 1332.  Accordingly, this Court must apply Louisiana's substantive law.[9]

---

[4]     *Washburn v. Harvey*, 504 F.3d 505, 508 (5th Cir. 2007) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).

[5]     *Washburn v. Harvey*, 504 F.3d at 508.

[6]     *Brumfield v. Hollins*, 551 F.3d at 326 (citing *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986)).

[7]     *Norwegian Bulk Transport A/S v. International Marine Terminals Partnership*, 520 F.3d 409, 412 (5th Cir. 2008) (citing *Celotex Corp. v. Catrett*, 477 U.S. at 325).

[8]     *Condrey v. Suntrust Bank of Ga.*, 431 F.3d 191, 197 (5th Cir. 2005).

[9]     *Moore v. State Farm Fire & Cas. Co.*, 556 F.3d 264, 269 (5th Cir. 2009).  See, also, *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938).

**B.**   **D**ISPUTED **F**ACTUAL **I**SSUES **P**RECLUDE **S**UMMARY **JUDGMENT** **IN** **E**MPLOYERS **M**UTUAL'S **F**AVOR

In support of its motion for summary judgment, Employers Mutual argued that the evidence concerning the parties' respective fault for causing the accident is in equipoise, mandating a ruling that the plaintiff cannot prove her case and entitling Employers Mutual to summary judgment in its favor.  This argument rests on Employers Mutual's contention that both drivers claim to have had a green light at the time of the accident.

In support of its theory, Employers Mutual presented its responses to written discovery, in which it stated that its internal investigation "revealed that the sole cause of the accident was Shantell Alexander running a red light."  (Rec. Doc. 40-5 at 2).  Employers Mutual presented no evidence that the light controlling the plaintiff's travel lane was actually red at the time of the accident.  Employers Mutual seems to assume that the plaintiff's light was red because the defendant driver said in a recorded statement that his light was green.  Such an assumption has no evidentiary value at this stage of the proceedings.

Employers Mutual also submitted the affidavit of Todd Riplie, a claims adjuster, who stated that he investigated the accident and was unable to identify any witnesses or obtain any video footage depicting the accident.  (Rec. Doc. 40-6).

Riplie also stated in the affidavit that he took a statement from Thornton in which Thornton stated that the left turn arrow was green when he made the left turn.  (Rec. Doc. 40-6).  Riplie also stated that a copy of "the crash report" was attached to the affidavit.  (Rec. Doc. 40-6).  It is not clear what "crash report" Riplie is referring to, and there is nothing attached to Riplie's affidavit.  Employers Mutual argued that the investigating police officer did not issue a citation because both drivers told him they had a green light, and he could locate no witnesses to the accident.  No evidence was presented in support of that argument; and there was no testimony of any kind from an investigating officer submitted along with the motion.

Employers Mutual also submitted the affidavit of Kelly Reily (Rec. Doc. 40-7), who stated that she transcribed a recorded statement obtained from Thornton.  There is no evidence that the statement was sworn or that Thornton was cautioned with regard to perjury before making the statement, and therefore, its status as competent summary judgment evidence is questionable.  However, evan assuming it can and should be considered, it does not carry the day for the defendant.  The transcript of Thornton's statement is attached to Reily's affidavit, and Employers Mutual used the statement in support of its argument that Thornton claimed to have the green light at the time of the accident.  This is what Thornton said in the statement:

Q.      . . . Did you have a green light, green arrow?  Green light and arrow?

A.   **Maybe** green light and arrow when I turned left.  (Rec. Doc. 40-7 at 7) (emphasis added).

The word "maybe" indicates that Thornton was not certain that he actually had a green arrow.  However, the interviewer did not note that uncertainty or ask any questions concerning Thornton's uncertainty.  Thornton was then asked about the signal for the plaintiff's lane of travel:

Q.   . . . do you know what kind of light she had?

A.   I'm not for sure.  (Rec. Doc. 40-7 at 7).

Of course, it is unlikely that Thornton was able to see the signal on the plaintiff's side of the intersection; consequently, he likely did not know what color the traffic signal facing her was.  Therefore, his statement does not establish that she ran a red light.

Later in the statement, Thornton was asked to describe what happened, starting with the traffic light.  He said this:

A.   . . . I got up to the traffic light and I got over into the left hand turn lane, I was stopped and then the arrow turned green, so I just went ahead and made my turn, the next thing I know I got hit. (Rec. Doc. 40-7 at 7).

While not directly contradicting Thornton's earlier testimony that "maybe" he had an arrow, this sentence lacks the uncertainty of the earlier part of the statement.  The adjuster asking the questions did not note the potential contradiction, did not ask Thornton to explain the potential contradiction, and did not ask Thornton why he

seemed certain later but did not seem certain when he was first asked the question. Therefore, the evidence presented by Employers Mutual does not conclusively establish that Thornton had a green light at the time of the accident, nor does it establish that the plaintiff had a red light at the time of the accident. Setting aside any issues as to admissibility of Thornton's unsworn statement or the propriety of using it in support of the pending motion for summary judgment, the statement simply does not establish whether either the plaintiff or Thornton had a green light at the time of the accident. However, for purposes of this motion, this Court will accept that, if he were able to testify at trial, Thornton would state that he had a green light.

Employers Mutual's legal argument is that it will not be possible to resolve the issue of who had the green light, leaving the evidence in equipoise,[10] leaving the plaintiff unable to prove her case, and entitling Employers Mutual to summary judgment in its favor. Employers Mutual cites two Louisiana cases concerning the equipoise theory: *Guidry v. Bernard*[11] and *Brown v. Carbo*.[12] The primary distinction

---

[10]     In the context of criminal law, the "equipoise rule" states that a court must reverse a conviction if the evidence construed in favor of the verdict gives equal or nearly equal circumstantial support to a theory of guilt and a theory of innocence of the crime charged. The Fifth Circuit has abandoned the "equipoise rule" with regard to criminal convictions. *United States v. Vargas-Ocampo*, 747 F.3d 299, 302 (5th Cir. 2014).

[11]     *Guidry v. Bernard*, 14-234 (La. Ap. 3 Cir. 06/18/14), 142 So.3d 1063, 1067, rev'd on rehearing, 155 So.3d 162 (2014).

[12]     *Brown v. Carbo*, 2011-2299 (La. App. 1 Cir. 11/02/12), 2012 WL 5381497 (unpublished opinion).

between those cases and this one is that trials were held in both *Guidry* and *Brown*, and neither applied the equipoise theory in the context of a motion for summary judgment.

The *Guidry* case relies heavily upon *Miller v. Leonard*, 588 So.2d 79 (La. 1991). In *Miller*, the dispute arose from a motor vehicle accident. Miller filed suit against Leonard, then Leonard filed suit against Miller. Each plaintiff contended that he or she was free from fault and that the defendant was solely at fault in causing the accident. The cases were consolidated and tried to the bench. The trial court found that the evidence was in equipoise and dismissed both demands. Miller appealed, the appellate court affirmed, and the Supreme Court granted writs "primarily to determine if the trial court should be required to decide the case on the merits in favor of either Miller or Leonard, rather than dismissing their respective claims for failure to satisfy the burden of proof." The Supreme Court framed the issue before it as follows:

> Where the evidence is truly in equipoise and neither of the opposing plaintiffs satisfies the burden of proof by a preponderance of the evidence, must the trial judge nevertheless decide for one of the parties? We think not.

The court went on to explain that all this means is that a plaintiff has the burden of proof, and if the plaintiff does not satisfy that burden, the court cannot rule in the plaintiff's favor. The court said: "The record establishes the parties' testimony

hopelessly conflicts on the issue of liability."  Further:  "The trial court concluded the physical evidence and testimony concerning the point of collision conflicted and was in perfect balance.  Since neither Miller nor Leonard satisfied the burden of proof by a preponderance of the evidence, the trial court dismissed both demands with prejudice."  The court found that the issue of liability "was premised upon a purely factual determination of the lane in which the accident occurred.  If the vehicles collided in the eastbound lane, Miller must prevail."  The court then determined that the evidence showed there was debris from the accident only in the eastbound lane, which corroborated Miller's version of the accident.  It said:  "We are satisfied the existence of the debris entirely in the eastbound lane, corroborated by Miller's testimony and Leonard's statement to Sgt. Phillips, establishes more probably than not the accident occurred in the eastbound lane.  Consequently, the trial court erred in failing to find Leonard crossed the center line."  Thus, the court determined that Miller was entitled to judgment in his favor.  Unlike the trial court, the Supreme Court found that the evidence actually was not in equipoise.

In the *Carbo* case, the trial court, faced with the plaintiff's claim and the defendant's reconventional demand, was unable to determine who was at fault after trial, and the appellate court affirmed the trial court's ruling that neither party had satisfied its burden of proof.  In the *Guidry* case, the appellate court found that the

trial court erred in finding that the evidence was in equipoise, and the Louisiana Supreme Court denied writs.  The appellate court's ruling rested on credibility determinations.

Trial has not yet been held in this case.  Ultimately, liability in this case may not solely rest on the color of the traffic lights.  But even if that was the only evidence presented, Employers Mutual would not be entitled to summary judgment in its favor. In resolving a motion for summary judgment, and faced only with evidence that the plaintiff and defendant both claimed to have a green light, this Court would be compelled to deny the defendant's motion.  Viewing the evidence in a light most favorable to the nonmoving party, i.e., the plaintiff, and drawing every inference in its favor, this Court would be constrained to find that the competing evidence establishes a genuine issue of material fact that precludes summary judgment in Employers Mutual's favor.  Should this matter go to trial, the competing evidence might result in the deciding factor being a credibility issue.[13]  Because credibility determinations are the province of the trier of fact,[14] it is not appropriate for the court

---

[13]     See, *S.E.C. v. Gann*, 565 F.3d 932, 939 (5th Cir. 2009) ("We perceive the evidence in this case to be in equipoise, making critical the question of credibility.")

[14]     *S.E.C. v. Gann*, 565 F.3d at 939; *In re Mid–South Towing Co*., 418 F.3d 526, 535 (5th Cir. 2005).

to make credibility determinations at the summary judgment stage.[15]  As in the *Miller* case, the physical evidence might persuade the jury to decide one way or the other. Furthermore, should the competing evidence concerning the traffic signals be presented to a jury, the jury would be entitled to believe either the plaintiff's version of events or the defendant's.  "Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous."[16]

In opposition to Employers Mutual's motion, the plaintiff articulated four arguments.  First, she argued that even if both sides claim to have a green light, demeanor and credibility might sway the factfinder to believe one of them but not the other.  As noted above, this Court agrees.  Further, the plaintiff submitted her affidavit in which she stated that she observed a green light controlling her lane of travel and continued through the intersection before the accident occurred.  (Rec. Doc. 43-1 at 2).  This Court finds that, rather than placing the evidence in equipoise, this statement – when coupled with the contention that Thornton had a green light – creates a genuinely disputed issue of material fact that precludes summary judgment in Employers Mutual's favor.

---

[15]    *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co*., 530 F.3d 395, 398-99 (5th Cir. 2008); *International Shortstop, Inc. v. Rally's, Inc*., 939 F.2d 1257, 1263 (5th Cir. 1991).

[16]    *S.E.C. v. Gann*, 565 F.3d at 939 (quoting *Anderson v. Bessemer City, N.C.*, 470 U.S. 564, 574 (1985)).

The plaintiff's second argument is that the defendant's unsworn statement and the defendant's own investigation of the accident are not proper summary judgment evidence.  Rather than deciding that evidentiary issue, this Court will accept as true for purposes of this motion the contention that, if he were able to testify, Thornton would take the position that he had a green light.  Coupled with the plaintiff's affidavit testimony, this creates a genuinely disputed issue of material fact – not equipoise – which mandates denial of Employers Mutual's motion for summary judgment.

Having already found that Employers Mutual cannot prevail on its motion, this Court need not address the plaintiff's final two arguments.  However, those arguments will be mentioned because they further demonstrate that this is not a case in which the evidence is likely to be true equipoise after the presentation of evidence at trial.  The plaintiff's third argument is that a left-turning driver like Thornton has a statutory duty to yield the right-of-way, pursuant to La. R.S. 32:122 and La. R.S. 32:104(A).  Therefore, even if both drivers had a green light, the defendant driver had a statutory duty to not turn left until he was sure he could do so safely.  Depending on the evidence to be presented at trial, the existence of this additional duty and the issue of whether Thornton breached it might sway the factfinder one way or the other.

The plaintiff's final argument is that, in this case, the burden shifted to the left-turning driver to show that he was not at fault in causing the accident.  As stated in the *Miller* case (the same one relied on by the defendant with regard to the equipoise theory):  "In a vehicular collision case, the plaintiff may take advantage of a presumption of the defendant's negligence when the plaintiff proves the defendant executed a left-hand turn and crossed the center line at the time of impact."[17] Employers Mutual's motion did not establish which lane the collision occurred in or whether Thornton's vehicle crossed the center line.  However, it is not logical that the vehicles would have collided if Thornton had not crossed the center line.  Depending on the evidence to be presented at trial, there might be an issue as to whether the presumption applies and whether it was rebutted, resulting in the jury deciding that one or the other of the drivers caused the accident.

Another legal precept not cited by the plaintiff in her briefing might turn out to be relevant.  Even when a motorist has a green light, he might still be liable for an accident.  "A favored motorist travelling through an intersection controlled by a traffic signal is not obligated to look to his left or right before entering the intersection, but must maintain general observation of a controlled intersection.  The favored motorist will be held accountable for an accident only if he could have

---

[17]     *Miller v. Leonard*, 588 So.2d at 81.

avoided the accident with the exercise of the slightest degree of care and fails to do so."[18]  This Court makes no determination at this stage of the litigation concerning whether the plaintiff or the defendant driver could have avoided the accident, but points out that this is an issue that might come into play as the litigation progresses and illustrates that the differing positions concerning which driver had the green light does not mean that the evidence is in equipoise.

## CONCLUSION

For the foregoing reasons, this Court finds that genuinely disputed issues of material fact preclude summary judgment in the defendant's favor.  Accordingly, Employers Mutual's motion for summary judgment (Rec. Doc. 40) is DENIED.

Signed at Lafayette, Louisiana on this 24th day of March 2017.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE

---

[18]     *Thompson v. Cagle*, 15-416 (La. App. 3 Cir. 11/25/15), 2015 WL 7573234, at *6, *writs denied*, 2015-C02358 (La. 02/19/16), 187 So.3d 461 (citing *Bernard v. City of Lafayette*, 98–1815 (La. App. 3 Cir. 05/05/99), 735 So.2d 804)).

-14-